**ADMINISTRATIVE COMMITTEE FOR THE H.E.B. INVESTMENT AND RETIREMENT PLAN and THE H.E.B. Investment and Retirement Plan Plaintiffs**

v.

**Alfred David HARRIS, Devin Graham, Carl Graham, Alfred Graham, and Alfrea Harris Defendants**

No. CIV.A. 1:01–CV–710.

United States District Court,
E.D. Texas,
Beaumont Division.

May 8, 2002.

Mary Michell Mahony, Vinson & Elkins, Houston, TX, for plaintiffs.

## MEMORANDUM OPINION AND ORDER

COBB, District Judge.

Before the court is Plaintiffs' Motion for Declaratory Judgment and Request for Order Directing Disbursement of Funds [Dkt. # 7], and the court having reviewed the motion is of the opinion that the motion be GRANTED.

The Administrative Committee for the H.E.B. Investment and Retirement Plan and the H.E.B. Investment and Retirement Plan (collectively "H.E.B.") filed a Complaint in Intervenor in federal court on October 11, 2001, naming Alfred David Harris, Devin Graham, Carl Graham, Alfred Graham, and Alfrea Harris as defendants. The defendants have failed to appear or answer. On April 17, 2002, the Clerk's office entered a Notice to the Court and Defendants of Entry of Default by the Clerk. H.E.B. now asks this court to declare its obligations and order payment in accordance with these obligations.

Mary K. Graham Harris ("Mary") worked for H.E. Butt Grocery Co., Inc. and was covered by her employer's Investment and Retirement Plan (the "Plan"). Her husband, Alfred David Harris, was named as the sole beneficiary and no contingent beneficiary was named. On February 18, 2001, Mary died. On March 8, 2001, Alfred David Harris was indicted for Murder and Manslaughter in connection with his wife's death. On August 27, 2001, Alfred David Harris plead guilty to murder/manslaughter, a second-degree felony, in Jefferson County and was later sentenced to ten years in prison. At the time of Mary's death, her husband and four children survived her. The Plan does not contain a provision directing the payment of benefits in situations where the beneficiary has been convicted of intentionally killing the insured.

H.E.B. is seeking a declaratory judgment stating its obligations under the Plan-should it pay the husband as beneficiary under the Plan or should it pay the children because of Texas's slayer statute?

■ Congress passed ERISA in 1974 to establish a comprehensive federal scheme for the protection of the participants and beneficiaries of employee benefit plans. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 44, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). ERISA's preemption clause specifies, in pertinent part, that the provisions of ERISA "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." ERISA § 514(a), 29 U.S.C. § 1144(a); *Christopher v. Mobil Oil Corp.,* 950 F.2d 1209, 1217 (5th Cir.1992), *cert. denied,* 506 U.S. 820, 113 S.Ct. 68, 121 L.Ed.2d 35 (1992). The Supreme Court has repeatedly stressed that this "relate to" standard must be interpreted expansively, and that the words are to be given their "broad common-sense meaning." *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 139, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990); *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985). Any state law which has a connection with or reference to an employee benefit plan is generally preempted. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).

■ The Texas Probate Code bars a beneficiary of a life insurance policy "who

is convicted and sentenced as a principal or accomplice in wilfully bringing the death of the insured" from recovering the policy proceeds. TEX. PROB. CODE ANN. § 41(d) (Vernon 1980). In such a case, the proceeds are to be paid as provided in the Texas Insurance Code. *Id.* According to the Texas Insurance Code, the "slayer" forfeits his right to the proceeds and the contingent beneficiary named by the insured in the policy should take the proceeds. TEX. INS. CODE ANN. § 21.23 (Vernon Supp.2002). If, as here, the insured fails to name a contingent beneficiary, the nearest relative of the insured receives the proceeds. *Id.*

Fortunately for the state of marital relations in America, a plethora of cases discussing ERISA preemption when one spouse kills another spouse does not exist, but this court has found three cases that hold ERISA does not preempt a state's slayer statute in such a situation. *See New Orleans Electrical Pension Fund v. Newman,* 784 F.Supp. 1233 (E.D.La.1992); *New Orleans Electrical Pension Fund v. DeRocha,* 779 F.Supp. 845 (E.D.La.1991); *Mendez–Bellido v. Board of Trustees of Div. 1181,* 709 F.Supp. 329, 331 (E.D.N.Y. 1989). Additionally, in a recent Supreme Court decision, seven Justices joined an opinion that, in dicta, hinted that these Justices thought ERISA did not preempt slayer statutes. *Egelhoff v. Egelhoff,* 532 U.S. 141, 152, 121 S.Ct. 1322, 149 L.Ed.2d 264 (2001). Thus, some case law supports a conclusion that ERISA does not preempt state slayer statutes, and therefore, that Alfred David Harris should not be permitted to benefit from his act of killing his wife.

Alternatively, even if ERISA preempts Texas's slayer statute, it would still be inappropriate for the court to allow the slayer to benefit from his wrongdoing under ERISA. In this case, H.E.B. contends that both Alfred David Harris, as the named beneficiary, and the non-beneficiary, surviving children, pursuant to the Texas slayer statute, have claims to Mary's ERISA benefits. As such, H.E.B. contends it may be exposed to multiple suits for recovery of these benefits.

When no controlling plan or statutory provision exists, federal common law decides which of the competing claimants receives the insurance proceeds. *Manning v. Hayes,* 212 F.3d 866, 870–72 (5th Cir.2000) (holding that when a beneficiary and a non-beneficiary of ERISA benefits have competing claims, district courts should employ federal common law to resolve the issue). The traditional deference given to state law in the area of family law supports a decision to borrow from state law when determining the federal common law for these issues. *Id.* at 872; *Emard v. Hughes Aircraft Co.,* 153 F.3d 949, 959–60 (9th Cir.1998). In deciding who is entitled to ERISA benefits between the innocent children of the murdered spouse and the intentional killer of one's spouse, this court holds that federal common law as influenced by state slayer statutes cannot allow the murderer to be rewarded with entitlement to ERISA benefits.

In so deciding, this court is in agreement with the conclusion of other courts that in enacting ERISA, Congress could not have intended to ensure recovery of ERISA benefits when one spouse intentionally kills the other spouse. *See, e.g., New Orleans Electrical Pension Fund v. Newman,* 784 F.Supp. 1233, 1236 (E.D.La. 1992); *New Orleans Electrical Pension Fund v. DeRocha,* 779 F.Supp. 845, 850 n. 7 (E.D.La.1991). It has long been a principle of federal common law that such killers should not be rewarded with insurance benefits for taking a life, *Mutual Life Ins. Co. v. Armstrong,* 117 U.S. 591, 600, 6 S.Ct. 877, 29 L.Ed. 997 (1886), and this

court is not about to deviate from this tradition.

Thus, because federal common law would not allow a slayer to recover ERISA benefits, a similar conclusion will be reached whether the court finds ERISA preemption exists or not-Alfred David Harris will not receive the proceeds of his wife's ERISA benefits. It is, therefore,

ORDERED, that Plaintiffs' Motion for Declaratory Judgment and Request for Order Directing Disbursement of Funds is hereby GRANTED. It is further,

ORDERED, that H.E.B. shall distribute the amount in the H.E.B. Investment and Retirement Plan Account of Mary K. Graham Harris, less and including H.E.B.'s tax withholding obligations, in equal shares to the four surviving children of Mary K. Graham Harris. It is further,

ORDERED, that all parties to this cause number are restrained from instituting any proceeding in any state court or United States court affecting the account involved in this interpleader action. It is further,

ORDERED, that this case is CLOSED.